### EX PARTE EDITH SHEPPARD.

#### No. 2394. Decided January 15, 1902.

**1.—Bail of Witness About to Remove from County—Construction of Statute.**

Article 524a, Code of Criminal Procedure, which authorizes the issuance of an attachment upon affidavit for a material witness in a criminal prosecution, who is about to remove from the county, is to be construed in pari materia with other articles of the code with regard to the securing the attendance of witnesses at the trial; and in all cases where the witness is brought before the court, and it appears to the satisfaction of the court that such witness is unable to give security for his attendance, it is the duty of the court to take the personal recognizance of such witness.

**2.—Same—Practice.**

When, on habeas corpus, the witness traverses the affidavit of the district attorney, and the court is satisfied that the witness is not about to remove, and does not intend to remove from the county, the court should instruct the officer to take a nominal bond of the witness; or, if unable to give bond and security, to take the personal bond of the witness.

Appeal from Hopkins, from a hearing, in vacation, of a writ of habeas corpus. Tried below before Hon. H. C. Connor.

The opinion states the case.

*W. R. Harris & Son,* for relator.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal in a habeas corpus proceeding. The record discloses that relator Edith Sheppard was a witness in the case of the State of Texas against Cook, charged with a felony; said case pending in the District Court of Hopkins County. A short time prior to the 25th of October, 1901, the district attorney made an affidavit under article 524a, Code of Criminal Procedure, to the effect that said witness was a material witness in the case against Cook, and that he had good reason to believe and does believe that said witness is about to move out of said Hopkins County. Thereupon the clerk of said court issued a writ of attachment. The sheriff arrested her, and has since confined her in jail under said writ, in default of bail required of her in the sum of $150, conditioned for her appearance as a witness before the District Court of Hopkins County. She sued out a writ of habeas corpus before the judge of the District Court, who reduced her

bond to $100, but refused to take the personal recognizance of said witness on proof of her property, and relator has prosecuted an appeal to this court.

Article 524a, Code of Criminal Procedure, provides: "When a witness resides in the county of the prosecution, whether he has disobeyed a subpoena or not, either in term time or vacation, upon the filing of an affidavit with the clerk by the defendant or State's counsel, that he has good reason to believe and does believe that such witness is a material witness and is about to move out of the county, it shall be the duty of the clerk to forthwith issue an attachment for such witness: provided, that in misdemeanor cases when the witness makes oath that he can not give surety, the officer executing the attachment shall take his personal bond." Other articles of the procedure on this subject are as follows: Article 536 provides: "Witnesses on behalf of the State or defendant may, at the request of either party, be required to enter into recognizance in an amount to be fixed by the court to appear and testify in a criminal action; but if it shall appear to the court that any witness is unable to give security upon such recognizance he shall be recognized without security." Article 537 provides: "When it appears to the satisfaction of the court that personal recognizance of the witness will insure his attendance, no security need be required of him; but no bail shall be taken by any officer without security." The procedure with reference to securing the attendance of witnesses was amended by the act of the Twenty-fifth Legislature at its called session, and provides for the issuance of subpoenas. Sections 6 and 7 of said act relate to bail, and are as follows:

"Sec. 6. If the subpoena be returnable at some future date, the officer shall have authority to take a good and sufficient bail bond of such witness, for his appearance under said subpoena, which bond shall be returned with such subpoena, and shall be made payable to the State of Texas, in the amount in which the witness and his surety shall be bound, and conditioned for the appearance of the witness at the time and before the court, magistrate or grand jury named in said subpoena, and shall be signed by the witness and his sureties; but if said witness refuse to give bond he shall be kept in custody until such time as he shall start in obedience of said subpoena, when he shall be, upon affidavit being made, provided with funds necessary to appear in obedience of said subpoena.

"Sec. 7. The court or magistrate issuing said subpoena may direct therein the amount of the bond to be required, but in case the amount is not specified, the officer may fix the amount, and in either case shall require good and sufficient security, to be approved by himself." Laws 1897, p. 59.

From these various articles the question is presented as to the proper construction of article 524a, Code of Criminal Procedure, it being contended that only in misdemeanor cases can the witness be enlarged on his personal recognizance on making oath of his inability to give security

for his attendance at court; and that in felony cases, where the affidavit is made under said article, the witness is bound to give good and sufficient security for his attendance. It will be seen under article 537, supra, that outside of term time the officer with process is not authorized to take bail of a witness without security. But the same article provides, when it appears to the satisfaction of the court that the personal recognizance of a witness will secure his attendance, that no security will be required of him. Section 6 of the amended act of 1897 does not seem to enlarge the officer's authority to take bond without security. However, article 536 provides in general terms, if it shall be made to appear to the court that any witness is unable to give security for his attendance, he shall be recognized without security. We think that article 524a is to be construed in pari materia with the articles above cited, and that in all cases, as well under article 524a as in other cases, where the witness is brought before the court, and it appears to the satisfaction of the court that such witness is unable to give security for his attendance, it is the duty of the court to take the personal recognizance of such witness. It will be seen that the affidavit required by him under article 524a is not predicated on the idea that the witness is evading or intending to evade the process of the court, but simply that the district attorney believes the witness is material, and that he or she intends to remove out of the county. Now, it would operate a great hardship if, under such circumstances, a witness is to be imprisoned indefinitely, when other witnesses who may have actually evaded process or have been in default as witnesses are brought before the court, and they are permitted to be enlarged on their personal security. Besides this, the court is not without authority to compel the attendance of witnesses, who may have disobeyed process, by the infliction of penalties for such disobedience. Moreover, we hold that, although the officer executing the process out of term time is not permitted to take bond without security under the provisions of articles 524a and 537, when the witness shall appear before the court by writ of habeas corpus, and traverse the allegations in the affidavit of the district attorney, then it becomes a question of fact for the court to determine whether or not such allegations are true; and if he be satisfied that the witness was not about to remove from the county, or did not intend to remove from the county, he should instruct the officer to take a nominal bond of said witness, or, if unable to give personal security, take the personal bond of witness. The judgment is accordingly reversed, and relator is ordered discharged from custody on her personal recognizance, if she is unable to give security.

*Reversed and relator ordered discharged.*